**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Anthony Salazar, | No. CV-17-01132-PHX-JAT (JFM) |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Motion for Reconsideration. (Doc. 24.)

**I.  Procedural Background**

David Anthony Salazar ("Petitioner") filed a Section 2254 action on April 14, 2017,[1] challenging his confinement in an Arizona state prison, following a guilty plea made in Maricopa County Superior Court to one count of sexual conduct with a minor under fifteen and two counts of attempted molestation of a child. (Doc. 1.) On May 26, this Court referred this matter to Magistrate Judge James F. Metcalf ("Magistrate Judge") and ordered Respondents to answer within forty days after Petitioner served them. (Doc. 5 at 4.)

On June 5, the Magistrate Judge set an initial schedule for the case, requiring all

---

[1] The Court utilizes the dates Petitioner's documents were filed with the Clerk of Court. While it is possible that Petitioner could have received the benefit of the date he deposited his filings in his confining institution's internal mailing system, Petitioner failed to make the required declaration or notarized statement setting forth the date of deposit and affirming that first-class postage has been prepaid. Rule 3(d) of the Rules Governing Section 2254 Cases. In any event, the use of filing dates, rather than mailing dates, is not determinative for the purposes of this motion.

motions to amend to be filed within twenty-eight days of Respondents serving their Answer. (Doc. 8 at 1.) The same day, Petitioner filed a Petition for Leave to File a Supplemental Brief to Include Memorandum of Points and Authorities, (Doc. 9), which the Magistrate Judge denied without prejudice due to Petitioner's failure to lodge the proposed Memorandum with the Court, (Doc. 10.)

On June 19, Petitioner moved to amend his Petition to include a memorandum of points and authorities, (Doc. 11), but failed to attach his proposed amendment, prompting the Magistrate Judge to deny Petitioner's request, (Doc. 12.)

On July 5, Respondents filed and served their Answer. (Doc. 13.) Subsequently, on July 11, Petitioner moved for an extension of time to amend. (Doc. 15.) The Magistrate Judge granted this motion and provided that Petitioner had until August 21 "to file any motions to amend, motions to supplement, motions to stay, motions for evidentiary hearing, motions to expand the record, and the like, seeking to expand the petition, or the record herein." (Doc. 16.)

On August 9, Petitioner replied to Respondents' Answer, (Doc. 19), and filed his Amended Petition, (Doc. 20.) The next day, the Magistrate Judge *sua sponte* struck the Amended Petition, noting that the time to amend as a matter of course expired on July 24 and Petitioner had not obtained either Respondents' written consent or the Court's leave. (Doc. 22.) On August 28, Petitioner filed a Motion for Reconsideration of the Magistrate Judge's decision to strike the Amended Petition, (Doc. 24), which this Court treats as an appeal from the Magistrate Judge.

**II.  Governing Law**

In nondispositive matters, a district judge, upon a party's timely objection, must review a magistrate judge's order and "modify and set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* Rule 12 of the Rules Governing Section 2254 Cases (holding that the Federal Rules of Civil Procedure apply to Section 2254 proceedings to the extent that they do not conflict with the Section 2254 Rules or statutory provisions). To determine whether a magistrate judge's denial of

a motion is dispositive, a court "examine[s] whether the denial . . . effectively disposes of a claim or defense or precludes the ultimate relief sought." *Bastidas v. Chappell*, 791 F.3d 1155, 1164 (9th Cir. 2015); *see also* 28 U.S.C. § 636(b)(1)(A) (2012).

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it; or (B) if the pleading is one to which a responsive pleading is required, 21 days after the service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). Otherwise, one may only amend "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The Court should freely give leave when justice so requires." *Id.*

Under the District of Arizona's Local Rules of Civil Procedure ("Local Rules"), a motion for leave to amend must include an attached "copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." LRCiv 15.1. The Local Rules operate with the "force of law" and bind the Court and the parties. *Prof'l Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (quoting *Martel v. Cty. of L.A.*, 21 F.3d 940, 946–47 (9th Cir. 1994)). Although courts must construe *pro se* filings liberally, *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008), *pro se* litigants are still bound by the Local Rules, LRCiv 83.3(c)(1); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (upholding dismissal of *pro se* prisoner's action where the prisoner failed to comply with a Nevada local rule). A departure from the Local Rules is only justified where the harm to the opposing party is "so slight and unimportant that the sensible treatment is to overlook [it]." *Prof'l Programs Grp.*, 29 F.3d at 1353 (quoting *Martel*, 21 F.3d at 947 n.4).

Courts in the District of Arizona routinely deny "motions for leave to amend for failure to comply with" Local Rule 15.1(a). *Eldridge v. Schroeder*, No. CV-14-01325-PHX-DGC (ESW), 2016 WL 354868, at *2 (D. Ariz. Jan. 28, 2016) (compiling cases), *adopted by* 2016 WL 1408128 (D. Ariz. Apr. 11, 2016); *see Huminski v. Heretia*, No. CV

11-0896-PHX-DGC, 2011 WL 2910536, at *1 (D. Ariz. July 18, 2011) (denying *pro se* plaintiff's leave to amend for failure to comply with Local Rule 15.1); *see also Young v. Nooth*, 539 Fed. App'x 710, 711 (9th Cir. 2013) (finding no abuse of discretion in district court's refusal to grant leave to amend to a *pro se* prisoner who failed to comply with Oregon's corollary to Local Rule 15.1).

### III. Analysis

The Magistrate Judge's Order striking the Amended Petition is nondispositive. Pursuant to the Magistrate Judge's schedule, Petitioner still had eleven days to file a motion for leave to amend at the time the Magistrate Judge struck his Amended Petition. (Doc. 22.) Petitioner failed to utilize this opportunity to move to amend, but instead waited eighteen days to file his Motion for Reconsideration with this Court. (Doc. 24.) Therefore, if anyone disposed of Petitioner's claims or defenses or precluded ultimate relief, it was Petitioner, rather than the Magistrate Judge. Thus, this Court will determine whether the Magistrate Judge's Order was contrary to law or made in clear error.

The Magistrate Judge made four findings to conclude that it was appropriate to strike Petitioner's Amended Petition from the docket. (Doc. 22.) First, the Magistrate Judge determined that Petitioner's ability to amend as a matter of right had expired on July 24, which was twenty-one days from the service of the Answer. (*Id.* at 1.) The Court agrees that Petitioner could no longer file as a matter of right at the time that he filed the Amended Petition at issue.[2] Second, the Magistrate Judge determined, and Petitioner does not dispute, that Petitioner did not obtain Respondent's written consent to amend. (*Id.*)

Third, the Magistrate Judge found that the Court had not granted leave to amend. (*Id.* at 3.) Petitioner claims that the Magistrate Judge's June 23 Order granted Petitioner leave to amend. (Doc. 24 at 2.) In the motion addressed by that Order, Petitioner

---

[2] On its own review of the record, this Court notes that Respondents' answer was filed and served on July 5, making July 26 the matter-of-right deadline. This temporal discrepancy is not dispositive, given that Petitioner filed his Amended Petition on August 9, which was well after either date.

- 4 -

requested both leave to amend and that the Clerk forward to him a form of petition. (Doc. 11.) The Magistrate Judge granted the latter request, but expressly stated that he "decline[d] to grant leave to file an unseen amendment." (Doc. 12 at 1.) Therefore, the Magistrate Judge ordered that "Petitioner's Motion to Amend Petition, filed June 19, 2017 (Doc. 11) is **GRANTED** to the extent of the relief provided herein." (*Id.* at 2 (emphasis in original.)) Thus, this Court finds that the Magistrate Judge appropriately determined that the Court had not granted leave at the time the Petitioner filed the Amended Petition.

Fourth, the Magistrate Judge found that Petitioner's motion did not amount to a request for the Court's leave to amend, given that Petitioner failed to comply with Local Rule 15.1. (*Id.* at 3.) The Court agrees with the Magistrate Judge that Petitioner failed to append to his Amended Petition a copy of the proposed petition describing how it was different from the pleading which it purported to amend. *See* (Doc. 20.)

Finally, Petitioner does not argue, and this Court does not find, that there is reason to depart from Local Rule 15.1. Respondent's rights would be more than minimally harmed if Local Rule 15.1 were ignored, because Respondent would have to utilize additional and unnecessary resources to compare the original Petition to the Amended Petition.

**IV. Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Petitioner's Motion for Reconsideration, (Doc. 24), is **denied**.

Dated this 17th day of January, 2018.

James A. Teilborg
Senior United States District Judge