**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Anthony Salazar,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV-17-1132-PHX-JAT (JFM)<br><br>**ORDER** |

Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"). The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed because it is barred by the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations, (Doc. 28 at 16), and, alternatively, is either procedurally defaulted or procedurally barred, (*Id.* at 29). The R&R further recommended that a Certificate of Appealability be denied. (*Id.* at 31). Petitioner filed objections to these recommendations. (Doc. 31).

**I.   REVIEW OF AN R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an

objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made"). In this case, Petitioner filed Objections to the Report and Recommendation, (Doc. 31), and the Court will review those objections de novo.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

The R&R summarized the factual and procedural history of this case and neither party objected to this history. (Doc. 28 at 1–6). Therefore, the Court adopts that portion of the R&R.

**III.    STATUTE OF LIMITATIONS**

The R&R recommends that the Petition be denied as barred by the AEDPA's statute of limitations. (*Id.* at 6-16). As explained by the Magistrate Judge, the AEDPA, 28 U.S.C. § 2244(d), provides a one year statute of limitations for state prisoners to file a petition for writ of habeas corpus in federal court. (*Id.* at 6). That period generally commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." (*Id.* at 7 (quoting 28 U.S.C. § 2244(d)(1)(A))). Examining Petitioner's procedural history in state court, the Magistrate Judge concluded that Petitioner's conviction became final on July 24, 2015, when Petitioner's time to file a Petition for Post-Conviction Review expired. (*Id.* at 8).

The Magistrate Judge explained that Section 2244(d)(1)(D) does provide an alternative commencement date of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." (*Id.* at 9 (quoting 28 U.S.C. § 2244(d)(1)(D))). The Magistrate Judge noted that it is only the delayed discovery of the facts themselves, not their legal significance, that can trigger Section 2244(d)(1)(D). (*Id.* (citing *Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001))). Examining Petitioner's factual and procedural background, the Magistrate Judge concluded that Petitioner has offered nothing to suggest that he has only recently discovered the relevant facts of his claims, only an understanding of their legal

significance. (*Id.*). Therefore, the Magistrate Judge concluded that Petitioner's claims are not sufficient to trigger a later commencement date under Section 2244(d)(1)(D). (*Id.*).

The Magistrate Judge determined that July 24, 2015 is when the one-year statute of limitations began to run, thus expiring on July 24, 2016, absent any statutory or equitable tolling. (*Id.* at 9-10).

### A. Statutory Tolling

Regarding statutory tolling, the Magistrate Judge explained that "[t]he AEDPA provides for tolling of the limitations period when a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" (*Id.* at 10 (quoting 28 U.S.C. § 2244(d)(2))). An untimely application is never "properly filed" within the meaning of Section 2244(d)(2). (*Id.* (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005))). Petitioner's second PCR notice was not filed until November 21, 2016, nearly four months after the ADEPA's statute of limitations had run. (*Id.* at 12). Therefore, the Magistrate Judge concluded that "Petitioner is not entitled to any statutory tolling." (*Id.*).

### B. Equitable Tolling

Turning to equitable tolling, the Magistrate Judge explained that "[e]quitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" (*Id.* (quoting *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003))). To receive equitable tolling, a petitioner "must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." (*Id.* at 12-13 (citing *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009))). The Magistrate Judge stated that Petitioner's claim that he lacked access to legal resources may be an extraordinary circumstance warranting equitable tolling. (*Id.* at 14 (citing *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000))). However, the Magistrate Judge went on to explain that in cases where courts have found that an

1  extraordinary circumstance might exist, the petitioner always pointed to specific
2  materials to which he did not have access. (*Id.* (citing *Roy v. Lampert*, 465 F.3d 964, 974
3  (9th Cir. 2006))). Here, Petitioner points to no specific materials to which he lacked
4  access, and provides no rationale for why he was able to file numerous state petitions, but
5  not his federal petition. (*Id.*). The Magistrate Judge determined that Petitioner fails to
6  show that his inability to file a timely federal habeas petition was the result of a lack of
7  access to legal resources, and thus, Petitioner is not entitled to any equitable tolling. (*Id.*
8  at 15).

### C. Actual Innocence

Finally, regarding a claim of actual innocence, the Magistrate Judge noted that "the habeas statute of limitations in 28 U.S.C. § 2244(d)(1) does not preclude 'a court from entertaining an untimely first federal habeas petition raising a convincing claim of actual innocence.'" (*Id.* (citing *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1935 (2013))). To qualify for such an exception, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" (*Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995))). The Magistrate Judge found that Petitioner made no such claim of actual innocence and is therefore not entitled to any such exception to the statute of limitations based on an actual innocence theory. (*Id.*).

Based on Petitioner's failure to file his habeas action within the statute of limitations and the finding that Petitioner failed to state a sufficient basis for statutory tolling, equitable tolling, or actual innocence, the Magistrate Judge determined that the Petition must be dismissed with prejudice as untimely. (*Id.* at 16).

### IV. PETITIONER'S OBJECTIONS

Petitioner objects to the Magistrate Judge's application of the AEDPA's statute of limitations, the Magistrate Judge's determination that Petitioner's one year statute of limitations expired on July 24, 2016, and the Magistrate Judge's conclusion that the AEDPA one-year statute of limitations expired because Petitioner failed to establish that statutory and equitable tolling should apply. (Doc. 31 at 4-7).

### A. Application of the AEDPA

Petitioner argues that he should not be subject to the AEDPA's statute of limitations because it was originally written for individuals who commit crimes of terrorism. (*Id.* at 4). However, the Magistrate Judge provided that "nothing in the AEDPA restricts the habeas statute of limitations to crimes of terrorism, or any other particular crimes." (Doc. 28 at 7). The AEDPA's one year time limit applies broadly to "an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court." 28 U.S.C. § 2244(d)(1). Moreover, "the title of a statute and heading of a section cannot limit the plain meaning of the text." *Bhd. Of R. R. Trainmen v. Baltimore O. R. Co.*, 331 U.S. 519, 528-29 (1947). Accordingly, Petitioner has failed to show that the AEDPA's statute of limitations should not apply to his Petition.

### B. Commencement Date

Petitioner argues that the AEDPA's one year statute of limitations should not have expired on July 24, 2016 because he has only recently become aware of his available claims when his access to legal resources was improved upon transferring prisons. (Doc. 31 at 5). However, the Magistrate Judge found that, "Petitioner has proffered nothing to suggest that he has only recently discovered the relevant facts of his claims, only an understanding of their legal significance." (Doc. 28 at 9). Petitioner's objections do not point to any recently discovered facts that are relevant to his claims. Accordingly, Petitioner failed to show that he is entitled to a later expiration date for the AEDPA's one year statute of limitations under Section 2244(d)(1)(D).

### C. Statutory Tolling

Petitioner argues that he is entitled statutory tolling of the AEDPA statute of limitations through his improperly filed PCR Notices. (Doc. 31 at 6). In support of this contention, Petitioner asserts that he improperly filed repeated PCR Notices rather than the appropriate Petition due to his lack of legal knowledge and resources. (*Id.*). Because of his lack of legal knowledge and resources, Petitioner contends that his improper filing of PCR Notices in place of his Petition should entitle him to statutory tolling for the

AEDPA's statute of limitations. (*Id.*).

However, the Magistrate Judge noted that Petitioner's second PCR Notice was not filed until November 21, 2016, almost four months after the expiration of the AEDPA's one year statute of limitations. (Doc. 28 at 12). Even if the second PCR Notice was deemed to entitle Petitioner to statutory tolling, the one year statutory period would still have expired as, "[o]nce the statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute." (*Id.* (citing *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001))). Petitioner reiterates that his ability to file a timely PCR Notice was limited by a lack of legal resources, but does not dispute the filing date offered by the Magistrate Judge. Accordingly, Petitioner failed to show that he is entitled to statutory tolling of the AEDPA's one year statute of limitations.

### D. Equitable Tolling

Petitioner also argues that he is entitled to equitable tolling of the AEDPA statute of limitations and objects to the Magistrate Judge's finding to the contrary in the R&R. (Doc. 31 at 6-7). In support of this objection, Petitioner argues that he faced the kind of extraordinary circumstances that trigger equitable tolling by lacking legal resources and relocating to new prisons. (*Id.* at 7).

As stated above, in order for Petitioner to qualify for equitable tolling, he must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ramirez*, 571 F.3d at 997. As a general rule, "equitable tolling is available where the prisoner can show extraordinary circumstances were the cause of an untimely filing." *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010). Petitioner argues that he has satisfied this standard through his lack of legal resources due to his *pro se* status and lack of access to appropriate legal materials as a result of his imprisonment and multiple relocations. (Doc 31 at 7). However, the Ninth Circuit has held that "*pro se* status on its own, is not enough to warrant equitable tolling." *Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006). Of course, the Magistrate Judge noted that a lack of access to legal resources may be an extraordinary circumstance warranting

equitable tolling. (Doc. 28 at 14 (citing *Whalem/Hunt*, 233 F.3d at 1148)). Nevertheless, the Magistrate Judge went on to note that petitioners have always pointed to specific materials to which they did not have access to show that extraordinary circumstances might exist. (*Id.* (citing *Roy*, 465 F.3d at 974; *Mendoza v. Carey*, 449 F.3d 1065 (9th Cir. 2006))). Here, Petitioner mentions only one specific resource that he is lacking, "[t]he Georgetown Law Journal," and fails to address his need for this specific resource outside of its general helpfulness. (Doc. 33 at 3). Further, Petitioner was ultimately able to file his Petition even though "[t]he Georgetown Law Journal" was not made available to him. (*Id.*). Accordingly, Petitioner failed to show that he is entitled to equitable tolling of the AEDPA's one year statute of limitations.

**V.     ALTERNATIVE RECOMMENDATION OF THE R&R**

The R&R alternatively recommends that even if the Petition was timely, the Petition should be denied because Petitioner's state remedies on his claims are either procedurally defaulted or were procedurally barred, and thus are barred from federal habeas review. Petitioner objects to these findings by the Magistrate Judge.

Because the Court has concluded that the Petition is untimely, the Court will not reach the alternative recommendations in the R&R regarding Petitioner's state remedies on his claims being procedurally defaulted or procedurally barred. Accordingly, all of the objections are overruled without prejudice to re-asserting any such objection at a later time if appropriate.

**VI.    CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 28) is accepted and adopted; the objections (Doc. 31) are overruled. The Petition is denied with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability, because dismissal of the Petition is based on a plain

procedural bar, and jurists of reason would not find this Court's procedural ruling debatable. See *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Further, Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Dated this 29th day of May, 2018.

James A. Teilborg
Senior United States District Judge